## ALEX. MOORE VS. J. W. LEE, Sheriff.

DISTRESS FOR RENT: *Replevin: Case in judgment.*

  C. levied upon the goods of S. under a distress warrant. M. replevied the goods, making an affidavit and bond under § 1631 of the Code of 1871. The writ was returnable to the January term of the circuit court, at which term a judgment of nonsuit for want of prosecution was rendered, and a jury impaneled to assess the value of property seized and damages sustained, which being done, it was ordered that the plaintiff and his sureties restore the property to defendant and pay him the damages sustained, etc. A motion was made to set aside this judgment, which was overruled: *Held*, that the judgment was rendered in accordance with sec. 1534, when the proceedings were instituted under sec. 1631, and is erroneous; that under the laws of 1872 (p. 34), the judgment should only have been for the amount of the rent due.

ERROR to the Circuit Court of *Monroe* County.

Hon. B. B. BOONE, Judge.

The facts in this case and the assignments of errors are sufficiently stated in the opinion of the court.

The following is assigned for error, to-wit:

1. The court erred in dismissing plaintiff's suit without having first made an order requiring an issue to be made up.

2. The court erred in rendering judgment, as in case of detinue, the judgment rendered was erroneous.

3. The court erred in giving any judgment for defendant without his having first pleaded an avowry, or without his having alleged that any rent was due.

4. The court erred in refusing to set aside the judgment, and in refusing to reinstate the case.

*Harris & George*, for plaintiff in error:

Clopton had sued out a distress for rent against Shannon, and had it levied on a lot of cotton.   Moore, trustee, under the Code, § 1631, replevied the property.   February 26, 1874, the case was dismissed (still twenty-six days remained for Shannon to pay the rent).   On the 7th of March (nineteen days still remaining), plaintiff was granted leave to file his declaration, and had the judgment of *nol. pros.* set aside.   No order was made directing an issue to be made up, as required by the Code of 1871, § 1632. This is a replevin under art. III, ch. 21, of the Code, and not a proceeding under ch. 16, p. 308.   The acts differ in many particulars.   See Code, §§ 1630, 1631, and act of 1874, p. 34.   The judgment is wholly erroneous.   Lavigne *v.* Russ, 36 Miss., 326, and Code and act of 1874, *supra.*

*Davis & McFarland*, for appellee:

The writ of replevin by Moore was issued under the provision of § 1631, Rev. Code 1871, and § 1632, id., contains the law regulating the proceedings in such cases.   Sec. 1632 contemplates a speedy determination of such suits.   It requires that they shall be returnable to the next ensuing term of the circuit court; that an issue be made up and a trial had at the return term, and it is expressly made the duty of the court to cause an issue to be made up therein; that these analogies are regarded by this court as furnishing the mode by which issue should have been made up.   See Parkhurst *v.* Dunlap, 6 How. (Miss.), 577; Lavigne *v.* Russ et. al. 36 Miss., 326.   Section 1632 also expressly provides that if the plaintiff in replevin make "default," "or fail to prosecute" the same, like judgment shall be rendered against him, and the sure-

ties on his bond as upon issue found against him; and § 1631 provides the nature of the judgment to be rendered in that case, referring to § 1630 for specific description, the judgment rendered in this cause conforming strictly to the requirements thereof. But the strictest analogy, one identical in all material respects, is to be found in the ordinary action of replevin, in which the issue is required to be made up on the first day of the return term by filing a declaration. Code of 1871, § 1532.

TARBELL, J., delivered the opinion of the court.

G. W. Shannon, being tenant to S. E. Clopton, the latter caused the goods of the former to be seized by a distress warrant for rent in arrear. Thereupon the plaintiff in error caused the goods so distrained to be replevied, he making an affidavit and bond under the Code, § 1631. The writ was made returnable to the January term of the Monroe county circuit court, 1874. During the term of that court, and on March 7th, the plaintiff in replevin, by leave of the court, filed a declaration in replevin. Before that time, however, and on the 26th day of February, a judgment in said cause had been rendered; a judgment of nonsuit for want of prosecution, and that defendant recover of plaintiff and his sureties; but the court not being advised as to the value of the property replevied, and damages sustained by the defendant, a jury was impaneled to assess the value of the property and damages sustained. The jury assessed the value of the property at $220, and the damages at $50. Thereupon it was " considered by the court that the plaintiff and his sureties restore said property to the defendant, or pay him the value thereof so assessed, and also the damages so assessed, for wrongfully suing out the writ in this cause," etc., for which execution may issue.

A motion was made after filing the declaration, on March 7th, to set aside the said judgment for reasons assigned in affidavits. This motion was overruled. Hence a writ of error.

The following are assigned as errors :

1. In dismissing plaintiff's suit without having first made an order requiring an issue to be made up.

---

---

2. In rendering judgment as in case of detinue, wherefore the judgment rendered is erroneous.

3. In giving any judgment for defendant without his having first pleaded an avowry, or without his having alleged that any rent was due.

4. In refusing to set aside the judgment and reinstate the cause on the docket.

Waiving a consideration of the decision overruling the motion to set aside the judgment, as a matter in a great measure within the discretion of the circuit court, error is observed in this, that the judgment pursues the general statute regulating the action of replevin, Code, ch. 16, which is unlike the provisions in special cases, id., ch. 21, arts. II, III, within which the case at bar falls. The two statutes are unlike in several particulars: first, in the character of the affidavits, the difference in which will be seen by contrasting the Code, § 1529, with id., § 1631; and secondly, in the judgment to be rendered in the two cases, indicated in the one case, Code, § 1534, and in the other, id., §§ 1630, 1631, 1632, and Laws of Miss., 1872, p. 34, ch. 28. By the latter act, the party was only entitled to judgment for the amount of rent due.

Justice in this case will be best subserved by wholly reversing the judgment, remanding the cause, restoring it to the docket for an issue to be made up according to the Code, § 1632, and for a trial on the merits. Laws of 1872, ch. 28; Lavigne *v.* Russ, 36 Miss., 326.

Ordered accordingly.